UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARRIE ANN KINKADE,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF WEISER, WEISER POLICE DEPARTMENT, BRANDON HATHORN, individually, JASON MAXFIELD, individually, CHIEF GREG MOON,<br><br>                Defendants. | Case No. 1:16-CV-00194-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTIONS TO STRIKE (DKT. 52; DKT. 60)** |

## INTRODUCTION

Pending before the Court are two motions to strike filed by Defendants City of Weiser, Police Chief Greg Moon, and police officers Brandon Hathorn and Jason Maxfield. (Dkt. 52 and Dkt. 60.)[1] The motions are made pursuant to rules 12(f) and 56(c)(4) of the Federal Rules of Civil Procedure. The parties have fully briefed each motion, and presented oral arguments at a hearing on December 7, 2017. After carefully

---

[1] The first, a Motion to Strike the Affidavits of Carrie A. Kinkade (Dkt. 47-3) and William Musser (Dkt. 47-5) in Opposition to Defendants' Motion for Partial Summary Judgment. (Motion to Strike at Dkt. 52.) And second, a Motion to Strike the Affidavit of Carrie A. Kinkade in Opposition to Defendants' Motion for Summary Judgment (Dkt. 56-6) and the Affidavit of Carrie Kinkade Regarding Signature of 8/21/2017 (Dkt. 56-5) (collectively "Kinkade Affidavits"), along with the Affidavit of William Musser (Dkt. 56-2) and the Affidavit of William Musser (Dkt. 56-7). (Motion to Strike at Dkt. 60.)

MEMORANDUM DECISION AND ORDER RE: MOTIONS TO STRIKE – 1

considering the parties' briefing, arguments, docket, and relevant authorities, the Court will deny in part and grant in part Defendants' motion to strike at Docket 52, and will deny in part and grant in part Defendants' motion to strike at Docket 60.

The undersigned notes, however, that Defendants' motion for partial summary judgment (Dkt. 41), and Defendants' motion for summary judgment (Dkt. 55), are pending for resolution by the presiding District Judge, who retains the discretion to modify the rulings contained in this decision should he conclude the undersigned committed error. 28 U.S.C. § 636(b)(1)(A). Further, rulings on whether the evidence is admissible at trial are reserved to the time of trial, and Defendant's objections are preserved.

## BACKGROUND

In this case, Carrie Ann Kinkade alleges that two police officers employed by the City of Weiser, Brandon Hathorn and Jason Maxfield, are personally liable for excessive use of force and arrest without probable cause under 42 U.S.C. Section 1983 and the Idaho Tort Claims Act. Kinkade alleges the same claims against the City of Weiser and Police Chief Greg Moon. (Second Amended Complaint, Dkt. 25.)

In a state case related to the same incident, the State of Idaho filed criminal charges against Kinkade for disturbing the peace, a violation of Idaho Code Section 18-6409, and for battery upon a certain personnel, a police officer, a violation of Idaho Code Section 18-915(3)(B). On June 3, 2014, a preliminary hearing was conducted on the matter. During the hearing, the state magistrate judge found that there was probable cause

for an arrest based on the battery charge. The charges against Kinkade were later dropped by the State.

Defendants filed a motion for partial summary judgment limited to Kinkade's arrest without probable cause claim (false arrest). (Dkt. 41.) Additionally, Defendants filed a motion for summary judgment for all claims alleged against the City of Weiser and Police Chief Greg Moon. (Dkt. 55.) Plaintiff responded to each motion with briefing including the affidavits that are the subject of the pending motions to strike.[2]

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(f) governs motions to strike. Under the rule, a "court may strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). A court has broad discretion in deciding such motions. *Phelps v. City of Parma, Idaho*, No. 1:14-CV-00085-EJL, 2015 WL 893112, at *1 (D. Idaho Mar. 2, 2015). Motions strike must be construed in the light most favorable to the non-moving party. *Id*. A court will deny such motion if the challenged material has "any relation to the subject matter of the controversy." *Id*.

---

[2] The motions for summary judgment will be ruled on via a separate memorandum decision order from the Court.

Defendants assert that each of the affidavits fails to comply with the requirements of Federal Rule of Civil Procedure 56(c)(4), which requires that affidavits or declarations submitted in response to a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Defendants argue that the affidavits contain information that is not relevant to the motions. According to the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

## DISCUSSION

### I. Defendants' Motion to Strike the Affidavits of Kinkade and Musser as to the Motion for Partial Summary Judgment

Defendants' motion for partial summary judgment is limited Kinkade's false arrest claim against the two officers, and is limited to Defendant's argument that those claims are barred by collateral estoppel because of a previous finding of probable cause for arrest by a state magistrate judge. (Dkt. 41.) They argue that the evidence in Kinkade's affidavit (Dkt. 47-3) is irrelevant to Defendants' argument that collateral estoppel bars the false arrest claim. The affidavit discusses Kinkade's version of the events, argues Officer Hathorn's version of the events is inaccurate, asserts that he engaged in excessive

force during the arrest, argues that Kinkade's reaction was one of self-defense, and includes photographs of her injuries.

Defendants argue the evidence in Musser's affidavit (Dkt. 47-5), is likewise irrelevant to their collateral estoppel argument. The affidavit discusses Musser's expert qualifications and experience, his interpretation of the body camera footage, contains his opinion that the officers used excessive force and his opinion that Kinkade's response to Officer Hathorn was one of self-defense.

The doctrine of collateral estoppel does act as a bar to false arrest claims when, as is the case in this matter, a judge made a previous finding that there was probable cause for the arrest in question. However, the doctrine has its limitations. Collateral estoppel applies only if the party had a full and fair opportunity to litigate the issue of probable cause in the previous case. *Allen v. McCurry*, 449 U.S. 90 at 95 (1980). In Idaho, full and fair opportunity is shown by the following factors:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Glass v. Wengler*, No. 1:12-CV-00380-EJL, 2013 WL 6858312, at *15 n.8 (D. Idaho Dec. 30, 2013) (citing *Berkshire Inv., LLC v. Taylor,* 278 P.3d 943, 951 (Idaho 2012)).

Additionally, Courts in the Ninth Circuit have held that collateral estoppel should be denied where a plaintiff shows the officer fabricated evidence or lied at the preliminary hearing. *McCutchen v. City of Montclair,* 87 Cal.Rptr.2d 95, 99–101 (1999).

MEMORANDUM DECISION AND ORDER RE: MOTIONS TO STRIKE – 5

Therefore, any evidence submitted by Kinkade to show any of Idaho's five factors were not met, or that Officer Hathorn fabricated evidence or lied at the hearing, is relevant to the Court's determination of Defendants' motion for partial summary judgment.

Kinkade argues that the evidence submitted shows she did not have a full and fair opportunity to litigate the issue of probable cause. She asserts that Officer Hathorn's testimony during the probable cause hearing was inconsistent with the facts, as demonstrated by the body camera footage of the incident, and Kinkade's own recollection as set forth in her affidavit.

Although the Defendants' collateral estoppel argument is lodged primarily in law, the information in Kinkade's affidavit is not entirely irrelevant to her defense that collateral estoppel does not apply. Some of the periphery details regarding Kinkade's history of domestic abuse, and the inclusion of the photographs are likely irrelevant. The Court, however, appropriately limited its consideration to whether the evidence presented raised issues under any of Idaho's five full and fair opportunity factors, or whether Officer Hathorn lied or fabricated evidence related to the issue of probable cause. Therefore, the Court's report and recommendation on Defendants' motion for partial summary judgment would be no different has Kinkade properly omitted these details. As such, Defendants' objections to the Court's consideration of the Kinkade affidavit (Dkt. 47-3), while valid in some limited respects, are overruled.

The Musser affidavit contains a recitation of his qualifications and experience, (Dkt. 47-5 ¶¶ 1-5; and pp. 16-22), his interpretation of the body camera footage (*Id*. at ¶¶

6-14), his review of the post-arrest report (*Id*. at 16), and his conclusions regarding the officers' use of force (*Id*. at ¶¶15, 17.) Like the Kinkade affidavit, the Musser affidavit is relevant only in so far as it provides information to the Court regarding whether Idaho's five full and fair opportunity factors were met, and whether Officer Hathorn's testimony at the preliminary hearing was inconsistent with other evidence. The Court notes that it independently reviewed the body camera footage, and notes further, that the state magistrate judge who made the probable cause finding was presented with and viewed the relevant portion of the body camera footage during the probable cause hearing. This was an isolated portion of the events that transpired surrounding the timeframe of the arrest.

The Court does not find the qualifications portion of the affidavit irrelevant, as an expert witnesses' qualifications are relevant to the reviewing Court. Therefore, Defendants' objections to the Court considering paragraphs 1 through 5 and the other qualifications information contained on pages 16 through 22 are overruled.

The Court also does not find the portions of the Musser affidavit that relate to the time before and the time leading up to the arrest to be irrelevant, especially when viewed in a light most favorable to Plaintiff. Therefore, Defendants' objection as to paragraphs 6 through 12 is overruled. Paragraph 16 specifically discusses what Officer Hathorn stated in his post-arrest report regarding the actions of Kinkade that led to her arrest, therefore Defendants' objection as to paragraph 16 is also overruled.

Paragraphs 15 and 17 discuss Musser's conclusions regarding the officers' use of force. This topic is irrelevant to the Court's inquiry into the sufficiency of the basis for

the probable cause finding. Therefore, Defendant's objection as to the Court considering paragraphs 15 and 17 is sustained.

## II. Defendants' Motion to Strike the Affidavits of Kinkade and Musser as to the Motion for Summary Judgment

Defendants' motion for summary judgment is focused on dismissing the claims alleged against the City of Weiser and Police Chief Greg Moon. (Dkt. 55.) Defendants assert qualified immunity applies to the claims against Chief Moon. They argue further that no constitutional violation was caused by Chief Moon's alleged failure to train and supervise, or the City's alleged failure to do the same. They argue there was no ratification of the conduct or like-conduct by Chief Moon. They assert also that Kinkade has not pointed to any custom or policy of the City that would establish its liability for the officers' conduct. Instead, they point to their policy manual and officer training that took place prior to the incident.

Defendants seek to strike the entirety of Kinkade's affidavits. (Affidavit Regarding Signature of 8/21/2017, Dkt. 56-5; Affidavit in Opposition to Defendants' Motion for Summary Judgment, Dkt. 56-6.) The affidavit regarding signature contains Kinkade's attestation that she reviewed and signed the affidavit filed at Docket 56-6 on August 21, 2017.[3] Otherwise, it contains two additional factual assertions: that Kinkade made many requests to have an officer other than Officer Maxfield or Officer Hathorn remove her from the patrol car because she felt the officers "were an adrenaline [*sic*]

---

[3] Kinkade previously filed an unsigned copy of her affidavit. This affidavit was filed, in part, to attest to the authenticity of the previously filed, unsigned affidavit.

MEMORANDUM DECISION AND ORDER RE: MOTIONS TO STRIKE – 8

rush, were mad, and would find some way to hurt" her again; and that she was taken to Weiser Memorial Hospital to be evaluated after she was booked at the jail. (Dkt. 56-5 at 2.)

Defendants argue the evidence in Kinkade's affidavits is irrelevant to their argument that Chief Moon is entitled to qualified immunity and the City of Weiser is not liable as a policymaker. Kinkade's affidavit, at Docket 56-6, discusses her version of the events, asserts Officer Hathorn's version of the events is inaccurate, argues that he engaged in excessive force during the arrest, asserts that her reaction was one of self-defense, and includes photographs of her injuries.

The Kinkade affidavits do not contain the type of evidence of practice, custom or policy necessary to refute the motion for summary judgment by showing the City of Weiser is liable under the tenants of the *Monell* doctrine. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978). Further, the Kinkade affidavits do not contain any evidence to show that Police Chief Moon, as final policymaker, either caused a Constitutional violation, ratified the officers' actions, or acted in deliberate indifference to Kinkade's constitutional rights. *See Christie v. Iopa,* 176 F.3d 1231 (9th Cir. 1999).

Defendants similarly argue, the Musser affidavits (Dkt. 56-2 Dkt. 56-7), are irrelevant because whether Hathorn and Maxfield used excessive force is irrelevant to the determination of the questions before the Court on the motion for summary judgment. Like the Kinkade affidavits, the Musser affidavits do not contain the type of evidence of practice, custom or policy, necessary to refute the motion for summary judgment by showing potential liability for the City of Weiser under the tenants of the *Monell*

MEMORANDUM DECISION AND ORDER RE: MOTIONS TO STRIKE – 9

doctrine. Further, as with the Kinkade affidavits, none of the evidence presented in the Musser affidavits shows that Chief Moon, as final policymaker, either caused a Constitutional violation, ratified the officers' actions, or acted in deliberate indifference to Kinkade's constitutional rights.

None of the evidence in the affidavits is useful for the purpose of identifying if any potential, unproven inadequacies in training were the result of a deliberate or conscious choice by Chief Moon or the City of Weiser. *See Alexander v. City and County of San Francisco,* 29 F.3d 1355, 1367 (9th Cir.1994). Therefore, Defendants' objections to the affidavit of Kinkade (Dkt. 56-6), and the affidavits of Musser (Dkt. 56-2 and Dkt. 56-7), are sustained. As to the affidavit of signature (Dkt. 56-5), the Court agrees that paragraphs 5 and 6 are irrelevant to the determination of the motion for summary judgment. Therefore, the objections to those paragraphs are sustained. The objections to the other portions of the affidavit included for the purpose of confirming Kinkade's signature on her affidavit of August 21, 2017, are overruled.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Strike (Dkt. 52), as to the affidavit of Carrie Kinkade (Dkt. 47-3), is **DENIED;** and as to the affidavit of William Musser (Dkt. 47-5), is **DENIED in part** and **GRANTED in part**;

2) Defendants' Motion to Strike (Dkt. 60), as to the affidavit of Carrie Kinkade (Dkt. 56-5), is **DENIED in part** and **GRANTED in part**; and as to the affidavits of

Carrie Kinkade (Dkt. 56-6), and William Musser (Dkt. 56-2 and Dkt. 56-7), is **GRANTED**.

Dated: **January 23, 2018**

Honorable Candy W. Dale
United States Magistrate Judge