IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| CARRIE ANN KINKADE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 1:16-cv-00194-EJL |
| vs. | ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 70)** |
| CITY OF WEISER, BRANDON HATHORN, individually, JASON MAXFIELD, individually, and CHIEF GREG MOON, | ) ) ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

On January 23, 2018, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that: (1) Defendants' Motion for Partial Summary Judgment regarding the claim of false arrest against Defendants Brandon Hathorn and Jason Maxfield (Dkt. 41) be granted and (2) Defendants' Motion for Summary Judgment regarding all claims against the City of Weiser and Chief Moon (Dkt. 55) also be granted. Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). No objections have been filed and the matter is now ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

# STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…. to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quotations and citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Further, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). Thus, "[w]hen no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

# DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. Plaintiff filed her Second Amended Civil Rights Complaint against the Defendants on April 3, 2017. (Dkt. 4.) Plaintiff alleges that Defendants violated her constitutional rights by using excessive force and arresting her without probable cause (false arrest). (*Id.*) She makes her claims pursuant to 42 U.S.C. §1983 and the Idaho Tort Claims Act. (*Id.*)

Defendants filed two summary judgment motions. (Dkts. 41, 55.) First, Defendants seek to dismiss the false arrest claims against Defendants Hathorn and Maxfield based on a state court magistrate judge's finding of probable cause for Plaintiff's arrest on the charge of assault on a police officer. (Dkt. 41.) Second, Defendants seek to dismiss all claims against Defendants, City of Weiser and Police Chief Moon, based on qualified immunity and a failure to establish *Monell* liability. (Dkt. 55.)

This Court has reviewed the entire Report as well as the full record in this matter for clear error and none has been found. Moreover, this Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusions. For these reasons, the Court will adopt the Report and grant: (1) Defendants' Motion for Partial Summary Judgment regarding the false arrest claim against Defendants Hathorn and Maxfield (Dkt. 41) and (2) Defendants' Motion for Summary Judgment regarding all claims against the City of Weiser and Chief Moon (Dkt. 55).

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on January 23, 2018 (Dkt. 70) is **ADOPTED IN ITS ENTIRETY**. Accordingly,

(1) Defendants' Motion for Partial Summary Judgment regarding the false arrest claim against Defendants Hathorn and Maxfield (Dkt. 41) is **GRANTED** and

(2) Defendants' Motion for Summary Judgment regarding all claims against the City of Weiser and Chief Moon (Dkt. 55) is **GRANTED**.

DATED: February 16, 2018

_____
Edward J. Lodge
United States District Judge